Attorney Grievance Commission of Maryland v. Michael Ron Worthy, Misc. Docket AG No. 6, September Term 2012.

**ATTORNEY DISCIPLINE – ATTORNEY MISCONDUCT – INDEFINITE SUSPENSION**

The Respondent, Michael Ron Worthy, violated the Maryland Lawyers' Rules of Professional Conduct 8.4(b) and (d). These violations stemmed from Worthy's willful failure to file federal income tax returns for the years 2006 and 2007. The appropriate sanction, the Court of Appeals concluded, was indefinite suspension with the right to apply for reinstatement after six months.

IN THE COURT OF APPEALS OF

MARYLAND

Misc. Docket AG No. 6

September Term, 2012

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MICHAEL RON WORTHY

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Battaglia, J.

Filed: January 30, 2014

Michael Ron Worthy, Respondent, was admitted to the Bar of this Court on December 19, 1996. On March 14, 2012, the Attorney Grievance Commission, acting through Bar Counsel ("Bar Counsel"), pursuant to Maryland Rule 16-751(a),[1] filed a "Petition For Disciplinary or Remedial Action" ("Petition") against Worthy, charging various violations of the Maryland Lawyers' Rules of Professional Conduct, to include Rule 8.4(b), (c) and (d) (Misconduct).[2]

The factual bases of these charges arose out of Worthy's failure to file federal personal income tax returns for 2006 and 2007. Bar Counsel alleged that Worthy "willfully failed to file federal income tax returns for the years 2006 and 2007, resulting in a tax loss of at least $70,000." The Petition also alleged that Worthy "pleaded guilty to two counts of

---

[1] Rule 16-751(a) provides, in relevant part:

> (a) **Commencement of disciplinary or remedial action.** (1) Upon approval or direction of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

[2] Rule 8.4 provides, in pertinent part:

> It is professional misconduct for a lawyer to:
> * * *
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice[.]

failure to file tax returns in the [U.S.] District Court of Maryland"[3] and at the time of the

Petition filing, Worthy was "scheduled to be sentenced on those charges on March 22, 2012."

In an Order dated March 13, 2012, we referred the matter to Judge Graydon S. McKee, III,

of the Circuit Court for Prince George's County for a hearing, pursuant to Rule 16-757.[4]

---

[3]  According to Worthy's plea agreement with the United States Attorney's Office for the District of Maryland, he pled guilty to a two-count criminal information charging him with violations of Section 7203 of Title 26 of the United States Code, which provides:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure. In the case of a willful violation of any provision of section 6050I, the first sentence of this section shall be applied by substituting "felony" for "misdemeanor" and "5 years" for "1 year".

[4]  Rule 16-757 provides:

> (a) **Generally.**  The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court.  Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge.  Before the conclusion of the hearing,

(continued...)

2

On March 22, 2012, Judge Roger W. Titus of the United States District Court for the District of Maryland sentenced Worthy to six months' incarceration followed by one year of supervised release. Worthy reported to serve his sentence in May of 2012.

After his release in October of 2012, Worthy was served with process in this case in January of 2013. He then filed a Response to the Petition for Disciplinary or Remedial Action, admitting that he had been convicted of two counts of willful failure to file but

_____

(...continued)

> the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action.
>
> (b) **Burdens of proof.** The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.
>
> (c) **Findings and conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party.
>
> (d) **Transcript.** The petitioner shall cause a transcript of the hearing to be prepared and included in the record.
>
> (e) **Transmittal of record.** Unless a different time is ordered by the Court of Appeals, the clerk shall transmit the record to the Court of Appeals within 15 days after the statement of findings and conclusions is filed.

3

denying that he had violated any Rule of Professional Conduct. At the subsequent hearing,

Bar Counsel and Worthy submitted a Joint Statement of Stipulated Facts and four Joint

Exhibits.[5] Worthy requested and garnered the opportunity to provide mitigation through his

---

[5] The Joint Statement of Stipulated Facts provided:

1. Michael Ron Worthy, Esquire was admitted to the Bar of the Court of Appeals of Maryland on December 19, 1996.

2. On July 7, 2010, Mr. Worthy pleaded guilty in the United States District Court for the District of Maryland in Criminal No. RWT-10-253 to two counts of willful failure to file federal tax returns in violation of 26 U.S.C. §7203.

3. Mr. Worthy willfully failed to file federal income tax returns for the years 2006 and 2007, resulting in a tax loss of at least $70,000.

4. On March 22, 2012, Mr. Worthy was sentenced to six months incarceration.

5. Mr. Worthy has served his sentence. He has now resumed the practice of law.

6. Mr. Worthy received a reprimand by consent from the Court of Appeals of Maryland in October 2007, for advancing funds to his client for mortgage payments while representing her in litigation concerning the property and for negotiating a lease of that property to another client while representing both parties.

7. The document attached hereto as Exhibit 1 is a true copy of the genuine docket entries in the case of *United States of America v. Michael Ron Worthy*, Criminal No. RWT-10-253.

8. The document attached hereto as Exhibit 2 is a true copy of the genuine Judgment of the United States District Court in *United States of America v. Michael Ron Worthy*, Criminal No.

(continued...)

4

own testimony, as well as in letters from four judges in which they favorably addressed Worthy's character, after they had been duly served with subpoenas.[6]

Judge McKee issued written Findings of Fact and Conclusions of Law in which he determined that Worthy violated Rules 8.4(b) and (d), but did not violate Rule 8.4(c):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Attorney Grievance Commission of Maryland filed a Petition for Disciplinary or Remedial Action against the Respondent, Michael Ron Worthy, Esquire, in the Court of Appeals of Maryland on March 5, 2012, alleging that he committed professional misconduct by willfully failing to file his federal income tax returns for two years (2006 and 2007).

---

(...continued)

RWT-10-253.

9. The document attached hereto as Exhibit 3 is a true copy of the genuine plea agreement dated May 6, 2010 between Mr. Worthy and the United States Attorney filed in the United States District Court for the District of Maryland in *United States of America v. Michael Ron Worthy*, Criminal No. RWT-10-253 on July 7, 2010.

10. The document attached hereto as Exhibit 4 is a true copy of the genuine sentencing transcript dated March 22, 2012 in the United States District Court for the District of Maryland in *United States of America v. Michael Ron Worthy*, Criminal No. RWT-10-253.

(exhibits omitted). The Joint Exhibits were from the federal Criminal Action, *United States of America v. Michael Ron Worthy*, Criminal No. RWT-10-253: (1) U.S. District Court Criminal Docket; (2) U.S. District Court Judgment in Criminal Case; (3) Plea Agreement; and (4) Transcript – Sentencing Hearing Proceeding.

[6] Letters were submitted by Judge Hassan A. El-Amin, Judge Melanie Shaw Geter, Judge Michele D. Hotten, and Judge C. Philip Nichols, Jr.

The Court of Appeals assigned this matter to this Court on March 13, 2012, to conduct a trial of this matter. Respondent was served with process in January 2013, and filed an Answer on or about February 6, 2013.

The Court conducted the trial on March 11 and April 12, 2013. At the March 11 hearing, the parties submitted an agreed statement of facts and several exhibits. Respondent testified at the April 12 hearing and submitted several letters from judges regarding his character.

## FINDINGS OF FACT

The Court finds that the following facts have been proven by clear and convincing evidence:

Michael Ron Worthy was admitted to the Bar of the Court of Appeals of Maryland on December 19, 1996. After his admission to the Bar, he worked as an Assistant State's Attorney in Prince George's County before establishing a law firm (Williams Worthy, LLP) in 2000. By 2006, Mr. Worthy also operated a real estate office (Esquire One) and managed several rental properties. During this time period, the law firm of Williams Worthy had approximately 14 employees while the real estate firm of Esquire One had a similar number of real estate agents. The law firm, the real estate company and the rental properties all had numerous and separate business records and bank accounts. Mr. Worthy was not very familiar with all of the accounting procedures that were necessary to run a real estate brokerage business and a law firm. His law partner, in fact, managed the books and records of the law firm.

Mr. Worthy did not timely file federal tax returns for the years of 2006 and 2007. During the period of time when those returns were due, Mr. Worthy had lost some of his financial records and had to order additional bank records. Those records were insufficient to adequately prepare the returns. Mr. Worthy worked with his personal CPA to accurately prepare his tax returns. However, the tax returns were not timely filed. Mr. Worthy understood his legal obligation to file returns or obtain an extension of time. He did not file an extension request for either year. Mr. Worthy did not attempt to evade responsibility for his conduct. Mr. Worthy testified that, "It was totally my

6

responsibility to understand what the tax laws are. I am a lawyer."

The United States Attorney brought criminal charges against Mr. Worthy. On July 7, 2010, Mr. Worthy pleaded guilty in the United States District Court for the District of Maryland in Criminal No. RWT-10-253 to two counts of willful failure to file federal tax returns in violation of 26 U.S.C. § 7203. On March 22, 2012, Mr. Worthy was sentenced to six months incarceration and served his sentence from May through October of 2012. During his period of incarceration, Mr. Worthy did not engage in the practice of law.

In his plea agreement, Mr. Worthy acknowledged that he owed at least $70,000 in federal taxes for those two years. Mr. Worthy was not charged with tax fraud or tax evasion, and there is no allegation that he committed those offenses. Mr. Worthy is working with the Internal Revenue Service to arrange a payment plan.

In addition, Mr. Worthy has taken steps to ensure that his books and records are properly maintained and that his taxes are timely filed. He has taken courses involving taxation, hired a full-time accounting person for his office and meets once a month with his outside accountant. He no longer runs a real estate brokerage firm and has lost all of his investment properties. Mr. Worthy now just practices law in a sole practice firm.

Four Judges of the Seventh Judicial Circuit of Maryland submitted letters regarding Mr. Worthy's character. The Honorable Hassan A. El-Amin described Mr. Worthy as having been "an up-front, no nonsense prosecutor" who always kept his word. When Mr. Worthy later appeared before Judge El-Amin when in private practice, his clients were always well-represented. Mr. Worthy was particularly knowledgeable about Fourth Amendment issues. Judge El-Amin also noted that Mr. Worthy had excelled at training young attorneys and that he was very supportive of the J. Franklyn Bourne Bar Association. He opined that Mr. Worthy "is a man of good – and in some respects – outstanding, character." The Honorable Melanie Shaw Geter has known Mr. Worthy approximately twenty years. She notes that Mr. Worthy was always honest with the court in his interactions and that she did not believe he is a deceitful

7

person. The Honorable C. Philip Nichols, Jr. expressed a high regard for Mr. Worthy and noted that he never had an occasion to question his professional judgment in court. The Honorable Michele D. Hotten has known Mr. Worthy for fifteen years. She wrote that Mr. Worthy "never displayed any traits of dishonesty or deceit" when appearing before her. She described Mr. Worthy as "an intelligent, zealous, resourceful, hard-working attorney".

## CONCLUSIONS OF LAW

The Petition for Disciplinary or Remedial Action alleges that Mr. Worthy violated Rules 8.4(b), (c) and (d) of the Maryland Rules of Professional Conduct.

Rule 8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects". Mr. Worthy's conviction for two counts of failing to file tax returns establishes that he committed criminal acts. The Maryland Court of Appeals has held on many occasions that the willful failure to file tax returns is conduct which violates Rule 8.4(b).

Rule 8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation". Although the Respondent willfully failed to file his tax returns for two years, there is not clear and convincing evidence showing that he did so dishonestly or in a deceitful manner. He was not charged with tax evasion or concealing income. Mr. Worthy testified that he was hampered in preparing the returns because his partner had control of some of the business records and that he lost some of the records. He attempted to recover the records from the bank, but the bank records were not sufficient to establish all of the information needed to prepare the returns. While Mr. Worthy's actions were inexcusable, there is no evidence that he intended to deceive the government or avoid his financial obligations. Particularly in light of the opinions of the Judges regarding Mr. Worthy's integrity and honesty, the Court finds that Respondent did not violate Rule 8.4(c).

Pursuant to Rule 8.4(d) of the Maryland Rules of

8

Professional Conduct, it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice". Mr. Worthy's willful failure to file tax returns showed a disregard for his legal obligations and a lack of respect to governmental authority. His conduct placed the legal profession in a bad light and erodes public confidence in the integrity of the legal profession. The Court finds that Respondent engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d).

In summary, the Court finds by clear and convincing evidence that Mr. Worthy violated Rules 8.4(b) and (d) of the Maryland Rules of Professional Conduct by his willful failure to file federal tax returns but that his conduct did not violate Rule 8.4(c).

"This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance v. O'Leary*, 433 Md. 2, 28, 69 A.3d 1121, 1136 (2013), quoting *Attorney Grievance v. Chapman*, 430 Md. 238, 273, 60 A.3d 25, 46 (2013). "[W]e accept the hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous." *Attorney Grievance v. Fader*, 431 Md. 395, 426, 66 A.3d 18, 36 (2013), quoting *Attorney Grievance v. Rand*, 429 Md. 674, 712, 57 A.3d 976, 998 (2012). We conduct an independent, de novo review of the hearing judge's conclusions of law, pursuant to Rule 16-759(b)(1).[7]

Neither party took exception to Judge McKee's Findings of Fact and Conclusions of

---

[7] Rule 16-759(b) provides, in pertinent part:

(b) **Review by Court of Appeals.** (1) Conclusions of law. The Court of Appeals shall review de novo the circuit court judge's conclusions of law.

9

Law. We accept "the findings of fact as established for the purpose of determining appropriate sanctions, if any." Maryland Rule 16-759(b)(2)(A);[8] *see Fader*, 431 Md. at 427, 66 A.3d at 37; *Attorney Grievance v. Nelson*, 425 Md. 344, 358, 40 A.3d 1039, 1047 (2012). "We also accept the conclusions of law if they are supported by the factual findings." *Attorney Grievance v. Snyder*, 406 Md. 21, 28, 956 A.2d 147, 151 (2008), citing *Attorney Grievance v. Mba–Jonas*, 402 Md. 334, 344, 936 A.2d 839, 845 (2007). We find that Judge McKee's conclusions of law are supported by the findings of fact.

With respect to sanction, Bar Counsel recommends indefinite suspension from the practice of law with the right to apply for reinstatement after six months. Worthy requests a finite six month suspension from the practice of law *nunc pro tunc* to May 2012, to coincide with his six months' incarceration. We will adopt Bar Counsel's recommendation and explain.

We have often stated in attorney grievances cases with respect to sanctions that "our goal is not 'to punish the attorney,' but rather 'to protect the public and the public's confidence in the legal profession [and] to deter other lawyers from violating the Rules of Professional Conduct.' To achieve this goal, the sanction should be 'commensurate with the

---

[8]  Maryland Rule 16-759(b)(2)(A) provides:

> (2) Findings of fact. (A) If no exceptions are filed.  If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.

10

nature and the gravity of the misconduct and the intent with which it was committed.'"

*Attorney Grievance v. Dore*, 433 Md. 685, 717, 73 A.3d 161, 180 (2013) (alterations in original), quoting *Attorney Grievance v. Taylor*, 405 Md. 697, 720, 955 A.2d 755, 768 (2008) (citations omitted).

In *Attorney Grievance v. O'Toole*, 379 Md. 595, 843 A.2d 50 (2004), in which we imposed a thirty day suspension for willful failure to file federal and state income tax returns for three years, with an attendant arrearage of $7,354.98, we articulated the then existing range of sanctions in disciplinary cases for willful failure to file tax returns:

> Where we have found misconduct for an attorney's failure to meet his or her tax obligations, the sanctions have ranged widely depending on the circumstances in each case. *See, e.g., Attorney Grievance Comm'n v. Tayback*, 378 Md. 578, 837 A.2d 158 (2003) (imposing suspension with right to reapply after 60 days for willful failure to timely file and timely pay federal and state income tax returns); *Attorney Grievance Comm'n v. Thompson*, 376 Md. 500, 830 A.2d 474 (2003) (suspending attorney indefinitely with the right to reapply after one year for, *inter alia*, failing to pay federal and state withholding taxes); [*Attorney Grievance v.*] *Clark*, 363 Md. [169,] 183-85, 767 A.2d [865,] 873-74 [(2001)] (suspending with immediate right to reapply for repeated failures to file and pay withholding tax returns); *Attorney Grievance Comm'n v. Atkinson*, 357 Md. 646, 745 A.2d 1086 (2000) (imposing indefinite suspension with right to reapply after one year for willful failures to file and pay state and federal tax returns over at least ten years); *Attorney Grievance Comm'n v. Gavin*, 350 Md. 176, 711 A.2d 193 (1998) (issuing a reprimand for failure to correct tax payment and filing delinquencies); [*Attorney Grievance v.*] *Post*, 350 Md. [85,] 100-01, 710 A.2d [935,] 942-43 [(1998)] (suspending indefinitely with right to reapply in thirty days for failing to timely file and timely pay state withholding taxes); *Attorney Grievance Comm'n v. Breschi*, 340

11

Md. 590, 667 A.2d 659 (1995) (imposing 180-day suspension for failure to timely file and pay federal income tax returns for two years); [*Attorney Grievance Comm'n v.*] *Walman*, 280 Md. [453,] 465-66, 374 A.2d [354,] 362 [(1977)](suspending attorney for three years for failing to file and pay returns).

379 Md. at 614-15, 843 A.2d at 61-62. Subsequently, we addressed the appropriate sanction for willful failure to file tax returns in *Attorney Grievance v. Jones*, 424 Md. 626, 37 A.3d 316 (2012), in which we imposed an indefinite suspension with the right to apply for reinstatement no sooner than six months where federal and state personal income tax returns had not been filed for a period of four years, with an attendant arrearage of $108,000.

The parties agree, as do we, that, in the abstract, a suspension of six months may be an appropriate sanction in many cases, but they differ in two respects. Bar Counsel recommends that Worthy receive an indefinite suspension with the right to apply for reinstatement after six months, while Worthy requests a six month suspension.

Worthy also asks that we accede to his request that the suspension be coincident with his incarceration, because he did not practice law during that period. Worthy advises that prior to his incarceration he notified clients in writing of the situation, closed his law office by locking the doors and removing signs identifying it as a law practice and did not have the office phone answered, but instead routed all calls to a voicemail for return by another lawyer to notify clients that Worthy could not practice law or be contacted. Worthy asserts that he "didn't just walk away" when he went to prison and "let the clients fend for themselves."

Addressing the latter request first, we must emphasize that Worthy's actions in

12

anticipation of his unavailability while incarcerated were what we would expect of any member of the Bar in his situation of incapacity to practice while incarcerated. In this respect, Rule 16-760(c) reflects our expectations when an attorney becomes incapable of representing clients due to disbarment, suspension or inactive status, situations which certainly are akin to what Worthy experienced:

> (c) **Duties of respondent.** Unless otherwise stated in the order, an order that disbars or suspends a respondent or places a respondent on inactive status shall operate as an immediate directive that the respondent perform each of the following duties in a timely manner:
>
> (1) The respondent shall not accept any new clients or undertake any new or further representation of existing clients.
>
> (2) The respondent shall take any action necessary to protect current clients.
>
> (3) The respondent shall conclude any current client matters that can be concluded within 15 days after the date of the order.
>
> (4) Within 15 days after the date of the order, the respondent shall supply to Bar Counsel or an attorney designated by Bar Counsel a list of the attorney's clients (by name, address, and telephone number) whose legal matters have not been concluded by the respondent and identify any client matters (by name, tribunal, and docket reference) currently pending in any court or agency.[9]
>
> (5) Within 15 days after the date of the order, the respondent shall mail a letter to each client whose legal matter has not been concluded, to counsel for any other party or to any unrepresented party in a pending action or proceeding, and to all attorneys with whom the respondent is associated in the practice

---

[9] Comment 5 to Rule 1.3, which states that, "[a] lawyer shall act with reasonable diligence and promptness in representing a client," also suggests that in the event of a lawyer's disability or unavailability, the lawyer should take appropriate measures such as preparing a plan for client file review by another competent lawyer and notification to each client of the lawyer's situation.

of law, notifying each of them of the order and the fact that the respondent will be unable to practice law after the effective date of the order.[10] The respondent shall supply copies of the letters to Bar Counsel or an attorney designated by Bar Counsel.
(6) Within 30 days after the date of the order, the respondent shall withdraw from all client matters.[11]
(7) Unless suspended for a definite period of not more than one year, the respondent shall promptly request the publisher of any

---

[10] Rule 1.4(a) also requires that a lawyer, "keep the client reasonably informed about the status of the matter" and "consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyer's Rules of Professional Conduct or other law." *See Attorney Grievance v. Nnaka*, 428 Md. 87, 95-96, 50 A.3d 1187, 1192 (2012) (in which the hearing judge determined that the lawyer violated Rule 1.4 by failing to "consult with his clients concerning his limitation in representing them in their matters due to his frequent travels to Nigeria" during a seven month period).

[11] Rule 1.16 "Declining or Terminating Representation" further provides that a lawyer must terminate representation when the lawyer's ability to represent the client is materially impaired by a physical or mental condition, and the lawyer must "take steps to the extent reasonably practicable to protect a client's interest" by giving the client reasonable notice of the impairment so that the client may obtain other counsel, refunding any unearned payments, and returning all documents and property:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if
> * * *
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
> * * *
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

14

telephone directory or law listing to remove any listing or reference that suggests that the respondent is eligible to practice law.

(8) The respondent shall deliver promptly to clients with pending matters any papers or other property to which the clients are entitled or notify the clients and any co-counsel of a suitable time and place to obtain the papers and other property and call attention to any urgent need to obtain them.

(9) The respondent shall promptly notify the disciplinary authority in each jurisdiction in which the respondent is admitted to practice of the disciplinary sanction imposed by the Court of Appeals.

(10) Within 30 days of the effective date of the order, the respondent shall file with the Commission an affidavit that states (A) the manner and extent to which the respondent has complied with the order and the provisions of this section, (B) the names of all state and federal jurisdictions in which and administrative agencies before which the respondent has been admitted to practice, (C) the residence and any other address of the respondent to which future communications may be directed, (D) the policy number and the name and address of each insurer that provided malpractice insurance coverage to the respondent during the past five years and the inclusive dates of coverage, and (E) the date and manner that a copy of the affidavit required by this subsection was served upon Bar Counsel. The affidavit shall be accompanied by copies of the list required by subsection (c) (4) of this Rule and the letters mailed under subsection (c) (5) of this Rule.

(11) If the respondent is or becomes employed or retained by or associated with a lawyer, the respondent shall comply with Rule 5.3 (d) of the Maryland Lawyers' Rules of Professional Conduct and assist the supervising lawyer in complying with the supervising lawyer's obligations under the Rule.

(12) The respondent shall maintain records of the various steps taken to comply with this section and the order of the Court of Appeals and make those records available to Bar Counsel on request.

Although Worthy urges that he had done all that would have been expected of him

were he to have been suspended from practice during incarceration, Bar Counsel maintains that Worthy did not because Worthy did not submit the appropriate notices to Bar Counsel and because his actions after release from incarceration were not consistent with the argument that he complied with the tenets of the Rule, as he resumed his legal practice upon release from incarceration and continues to practice law. As a result, what Worthy did in anticipation of incarceration, notifying clients of his situation and closing his law practice, was in keeping with what an attorney should do, but less than what an attorney must do if rendered incapable of practicing law.[12]

---

[12] As Bar Counsel noted at oral argument, Worthy could have requested, prior to incarceration, a suspension concurrent with his incarceration by filing a petition with this Court jointly with Bar Counsel, if Bar Counsel had acceded. Rule 16-772 provides, in pertinent part:

> **Consent to discipline or inactive status.**
> (a) **General requirement.** An attorney may consent to discipline or placement on inactive status in accordance with this Rule.
> (b) **Consent to discipline for misconduct.** (1) Joint petition. An attorney may consent to disbarment or other discipline by joining with Bar Counsel in a petition for an order disbarring the attorney, suspending the attorney from the practice of law, or reprimanding the attorney. The petition shall be signed by the attorney and Bar Counsel and filed in the Court of Appeals. If a suspension is requested, the petition shall state whether the suspension should be indefinite or for a stated period and shall set forth any conditions that the parties agree should be imposed. If a reprimand is requested, the petition shall state the proposed text of the reprimand and any conditions.
> (2) Affidavit required. A joint petition filed under subsection (b) (1) of this Rule shall be accompanied by an affidavit by the

(continued...)

16

We also disagree with Worthy as to the imposition of a finite, *nunc pro tunc* suspension for six months rather than an indefinite suspension with the right to apply for reinstatement after a period of six months. Our resolution emanates primarily from the fact that at oral argument, Worthy could not specify what, if any, money he has paid to the Internal Revenue Service to satisfy his arrears, which apparently stems from the fact that his original agreement to pay the Internal Revenue Service was in default. In this regard, imposition of an indefinite suspension is appropriate in instances in which the attorney is in arrears with his repayment of taxes, is not in compliance with a payment plan, or there is

---

(...continued)

> attorney that certifies that the attorney:
> (A) is aware that an investigation or proceeding is currently pending involving allegations of professional misconduct, the nature of which shall be specifically set forth;
> (B) knows that if a hearing were to be held, sufficient evidence could be produced to sustain the allegations of misconduct;
> (C) consents to the disbarment or other discipline stated in the petition;
> (D) gives the consent freely and voluntarily without coercion or duress;
> (E) is aware of the effects of the disbarment or other discipline to which the attorney is consenting; and
> (F) agrees to comply with Rule 16-760 and any conditions stated in the petition that the Court of Appeals may impose.
> (3) Order of the Court of Appeals. Upon the filing of the joint petition and the affidavit, the Court of Appeals may enter an order, signed by the Chief Judge or a judge designated by the Chief Judge, disbarring the attorney by consent from the practice of law in the State, suspending the attorney by consent from the practice of law, or reprimanding the attorney by consent and imposing any conditions stated in the petition. The provisions of Rule 16-760 apply to an order entered under this subsection.

17

uncertainty as to the status of payments and filings. In *Attorney Grievance v. Tayback*, 378 Md. 578, 837 A.2d 158 (2003), for instance, we explained considerations when determining sanctions to include "'the nature and gravity of the violations and the intent with which they were committed' . . . the attorney's remorse for the misconduct, and the likelihood of the conduct being repeated" and determined that for willful failure to file federal and state income tax returns resulting in a criminal conviction, indefinite suspension was the appropriate sanction. *Id.* at 593-94, 837 A.2d at 167, quoting *Attorney Grievance v. McClain*, 373 Md. 196, 211, 817 A.2d 218, 227-28 (2003). In *Attorney Grievance v. Clark*, 363 Md. 169, 184-85, 767 A.2d 865, 873-74 (2001), we determined that for the attorney's willful failure to file withholding tax returns and remittances, an indefinite suspension was the appropriate sanction, requiring the attorney to provide written documentation that he was in good standing with his tax obligations upon application for reinstatement.

The reporting obligations attendant on petitioning for reinstatement relative to filing of tax returns and reporting of tax payments emanate from Rule 16-781(d)(1) which requires that an attorney sanctioned for an indefinite period or for more than six months must submit:

> (A) the petitioner's current address and telephone number;
> (B) the address of each residence during the period of discipline, with inclusive dates of each residence;
> (C) documentary evidence supporting the petitioner's claim that the criteria specified in section (g) have been satisfied;
> (D) the name, address, and telephone number of each employer, associate, and partner of the petitioner during the period of discipline, with the inclusive dates of each employment, association, and partnership, the positions held, the names of all supervisors, and, if applicable, reasons for terminating the

18

employment, association, or partnership;

(E) the case caption, general nature, and disposition of each civil and criminal action pending during the period of discipline to which the petitioner was a party or in which the petitioner claimed an interest;

(F) a statement of monthly earnings and all other income during the period of discipline, including the source;

(G) a statement of the petitioner's assets and financial obligations;

(H) the names and addresses of all creditors;

(I) a statement that any required restitution has been made and the amounts paid;

(J) a statement indicating whether the petitioner has applied for reinstatement in any other jurisdiction and the present status of each application;

(K) a statement identifying all other business or occupational licenses or certificates applied for during the period of discipline and the current status of each application;

(L) the name and address of each financial institution at which the petitioner maintained or was signatory on any account, safe deposit box, deposit, or loan during the period of discipline;

(M) written authorization for Bar Counsel to secure financial records pertaining to any account, safe deposit box, deposit, or loan at any financial institution identified in subsection (d) (1) (L) of this Rule;

(N) copies of the petitioner's state and federal income tax returns for the three years preceding the effective date of discipline and each year thereafter; and

(O) any other information that the petitioner believes is relevant to determining whether the petitioner possesses the character and fitness necessary for reinstatement.[13]

---

[13] These reporting requirements are in addition to the other requirements of Rule 16-781:

(a) **Petition.** A petition for reinstatement to the practice of law shall be filed in the Court of Appeals. It shall be verified and include docket references to all prior disciplinary or remedial

(continued...)

actions to which the petitioner was a party. A copy of the order that disbarred or suspended the petitioner from the practice of law, placed the petitioner on inactive status, or accepted the petitioner's resignation shall be attached, together with any opinion of the Court that accompanied the order. The petition shall certify that the petitioner has complied in all respects with the provisions of Rule 16-760 and with the terms and conditions of the disciplinary or remedial order. Except as provided in section (e) of this Rule, the petition shall allege facts describing the petitioner's original misconduct, subsequent conduct and reformation, present character, present qualifications and competence to practice law, and ability to satisfy the criteria specified in section (g) of this Rule.

\* \* \*

(g) **Criteria for reinstatement**. The Court of Appeals shall consider the nature and circumstances of the petitioner's original conduct, the petitioner's subsequent conduct and reformation, the petitioner's current character, and the petitioner's current qualifications and competence to practice law. The Court may order reinstatement if the petitioner meets each of the following criteria or presents sufficient reasons why the petitioner should nonetheless be reinstated:

(1) The petitioner has complied in all respects with the provisions of Rule 16-760 and with the terms and conditions of prior disciplinary or remedial orders;

(2) The petitioner has not engaged or attempted or offered to engage in the unauthorized practice of law and has not engaged in any other professional misconduct during the period of suspension, disbarment, or inactive status;

(3) If the petitioner was placed on inactive status, the incapacity or infirmity (including alcohol or drug abuse) does not now exist and is not reasonably likely to recur in the future;

(4) If the petitioner was disbarred or suspended, the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which discipline was imposed;

(5) The petitioner has not engaged in any other professional misconduct since the imposition of discipline;

(continued...)

20

Specifically, Rule 16-781(d)(1) requires the sanctioned attorney to submit "state and federal income tax returns for the three years preceding the effective date of discipline and each year thereafter," as well as financial information regarding the attorney's monthly income, assets, creditors, financial obligations, and restitution paid. Worthy, then, should he petition for reinstatement, would have to demonstrate more attentiveness in his obligations to the publicans than he has on the record before us.

We, therefore, determine that the imposition on Michael Ron Worthy of an indefinite suspension with the right to apply for reinstatement after six months is the appropriate sanction.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE**

---

(...continued)

(6) The petitioner currently has the requisite honesty and integrity to practice law;
(7) The petitioner has kept informed about recent developments in the law and is competent to practice law; and
(8) The petitioner has paid all sums previously assessed by the order of the Court of Appeals.
(h) **Disposition.** Upon review of the petition and Bar Counsel's response, the Court of Appeals may order (1) dismissal without a hearing, (2) reinstatement, or (3) further proceedings in accordance with section (i) of this Rule.

21

**CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MICHAEL RON WORTHY.**