*Attorney Grievance Commission of Maryland v. Natalie Thryphenia Collins*, Miscellaneous Docket AG No. 8, September Term, 2019, Opinion by Booth, J.

**ATTORNEY DISCIPLINE – SANCTION – SUSPENSION**

Respondent Natalie Thryphenia Collins violated the Maryland Attorneys' Rules of Professional Conduct 19-301.1 (Competence); 19-301.3 (Diligence); 19-301.4 (Communication); 19-303.4(d) (Fairness to Opposing Party and Attorney); and 19-308.4(a) and (d) (Misconduct). Respondent's violations arose from her failure to communicate with her client; failure to timely respond to discovery; failure to respond to two motions for sanctions; failure to obtain discovery from opposing counsel; failure to adequately prepare her client, witnesses, and herself for a hearing; failure to respond to requests made by the minor child's court-appointed attorney to meet with her client; and demonstration of disregard for her professional obligations to her client, opposing counsel, court-appointed counsel for the minor child, and the court. These circumstances warrant a 60-day suspension.

Circuit Court for Baltimore City
Case No.: 24-C-19-003765 AG
Argued: Argument waived/submitted on papers

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 8

September Term, 2019

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

NATALIE THRYPHENIA COLLINS

_____

Barbera, C.J.
McDonald
Watts
Hotten
Getty
Booth
Biran,

JJ.

_____

Opinion by Booth, J.

_____

Filed:    June 8, 2020

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

"I don't know that there are any short cuts to doing a good job."

-Sandra Day O'Connor

As part of the legal profession, attorneys are expected and required to diligently and competently undertake representation of their client's interests, often in that client's darkest hour. In any contested legal proceeding, preparation is paramount. This attorney grievance proceeding arises from an attorney's representation of a client in a divorce and contested custody proceeding, in which the attorney failed to undertake the most basic preparation of her client's case, and failed to communicate with her client, opposing counsel, and the attorney representing the minor child at the center of the custody dispute, which negatively impacted her client's case. This type of misconduct impairs the public's confidence in the legal profession. We conclude that the appropriate sanction for Natalie Thryphenia Collins's violation of the Maryland Attorneys' Rules of Professional Conduct, as described herein, is suspension for 60 days.

# I

## Background

### A. Procedural Context

On June 20, 2019, Petitioner, the Attorney Grievance Commission of Maryland ("Commission"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action ("Petition") against Respondent, Natalie Thryphenia Collins. The Petition alleged that Ms. Collins violated the Maryland Attorneys' Rules of Professional Conduct

("MARPC") in connection with her representation of Crystal Davis.[1]  Specifically, Bar Counsel charged Ms. Collins with violating MARPC: (1) 19-301.1 (Competence); (2) 19-301.3 (Diligence); (3) 19-301.4 (Communication); (4) 19-303.4 (Fairness to Opposing Party and Attorney); and (5) 19-308.4 (Misconduct).

Pursuant to Maryland Rule 19-722(a), this Court designated the Honorable Charles J. Peters ("the hearing judge") of the Circuit Court for Baltimore City to conduct a hearing regarding the alleged violations of the MARPC and to provide findings of fact and conclusions of law.  The hearing took place on December 18 and 19, 2019.  Ms. Collins represented herself throughout the hearing.

The hearing judge issued Findings of Fact and Conclusions of Law on February 3, 2020, in which he found by clear and convincing evidence that Ms. Collins violated MARPC 19-301.1 (Competence); 19-301.3 (Diligence); 19-301.4 (Communication); 19-303.4(d) (Fairness to Opposing Party and Attorney); and 19-308.4(a) and (d) (Misconduct). The hearing judge also made findings of fact related to aggravating and mitigating circumstances for this Court's consideration in devising an appropriate sanction.

Neither the Commission nor Ms. Collins filed exceptions to any of the hearing judge's findings or conclusions.  This Court considered this matter on the papers submitted without oral argument.[2]  We accept a hearing judge's findings as established when there

---

[1] Crystal Davis has remarried and as a result, changed her last name.  For purposes of this opinion, we will refer to her as Ms. Davis.

[2] The Attorney Grievance Commission ("Commission") filed a request to waive oral arguments in this matter.  Ms. Collins did not respond to the Commission's request.  The Court entered a Show Cause Order directing Ms. Collins to show cause why an oral

2

are no exceptions filed.  Md. Rule 19-741(b)(2)(A).  We summarize the hearing judge's findings of fact.

### B.  Facts

*Ms. Collins's Credentials and Practice*

Ms. Collins was admitted to the Bar of Maryland on June 20, 1991, and currently maintains a law office in Baltimore City.  The focus of her law practice since 2008 has been family law and juvenile law.

In the fall of 2016, Ms. Collins and Amar Weisman, a family law practitioner in Towson, Maryland, discussed the possibility of joint representation of future clients.  Ms. Collins and Mr. Weisman agreed that Ms. Collins would work on some of Mr. Weisman's family law matters on a case-by-case basis as an independent contractor.  Mr. Weisman agreed to pay Ms. Collins on an hourly basis.  In late 2016, Ms. Collins subleased office space in Mr. Weisman's office building in Towson, Maryland.

*Representation of Crystal Davis*

This case grew out of Ms. Collins's representation of her client, Crystal Davis, in *Ray Davis v. Crystal Davis*, Case No. 22-C-16-001040, in the Circuit Court for Wicomico County.

Prior to the commencement of Ms. Collins's and Mr. Weisman's representation of Ms. Davis, in July 2016, Dr. Ray Davis filed a complaint for divorce and custody in the Circuit Court for Wicomico County.  The custody case involved Dr. Davis's and Ms.

argument should be held.  Ms. Collins filed no response to the Court's Show Cause Order. On April 9, 2020, the Court granted the Commission's request to waive oral argument.

Davis's minor daughter. At the time of the suit, Ms. Davis was living in Illinois with her son from another marriage and the Davises' minor daughter.

Ms. Davis had not responded to Dr. Davis's complaint, which resulted in the circuit court entering an order of default against her. After a *pendente lite* hearing (at which Ms. Davis had failed to appear), the court awarded sole legal and primary physical custody of the Davises' minor daughter to Dr. Davis. In December, Dr. Davis obtained a temporary protective order in Illinois, and the Davises' daughter was removed from Ms. Davis's custody and returned to Maryland. It was at this time that Ms. Davis became aware of the pending divorce proceeding and sought counsel in Maryland to represent her.

In January 2017, Ms. Davis contacted Mr. Weisman about representation in the pending divorce and custody case. During their initial conversation, Mr. Weisman told Ms. Davis that both he and Ms. Collins would be working on her case. Ms. Davis agreed to the representation, signed a retainer agreement with Mr. Weisman, and paid him a retainer fee. Both Mr. Weisman and Ms. Collins entered their appearance as "co-counsel" for Ms. Davis on January 9, 2017.

After entering their appearance in the case, on January 12, 2017, Mr. Weisman and Ms. Collins filed several pleadings, including a motion to vacate order of default, an answer to the complaint, a motion to vacate the *pendente lite* order, and a counter-complaint for absolute divorce, custody and child support, a notice of change of party address, and a motion for postponement. These pleadings were signed by Ms. Collins on behalf of Mr. Weisman. In mid-January, the circuit court vacated the order of default and the *pendente lite* order. A scheduling conference was set for February 13, 2017.

4

On January 24, Dr. Davis's attorney, Kenneth Gaudreau, filed an answer to the counter-complaint. Counsel for Dr. Davis also served upon Ms. Collins and Mr. Weisman, via email, a notice of deposition and written discovery requests (interrogatories and requests for production of documents). Although Mr. Gaudreau served the answer on both Mr. Weisman and Ms. Collins, most of his communications were with Ms. Collins. The communications included issues related to the February 13 scheduling conference, scheduling Ms. Davis's deposition, and establishing a visitation schedule.

1. Ms. Collins's Failure to Respond to Discovery

Upon receipt of the written discovery requests propounded in January, Mr. Weisman sent a copy of the discovery requests to Ms. Davis that day. Ms. Davis promptly sent her draft responses back to Mr. Weisman's paralegal, Matthew Fox, on January 29. Mr. Fox emailed the responses on to Ms. Collins that day, but she did not review them at that time, and did not finalize the responses. Despite receiving an email inquiry from Dr. Davis's counsel in March 2017 concerning the overdue discovery responses, which Ms. Collins acknowledged that she received, she did not finalize or serve her client's discovery responses. Because no discovery responses were filed by Ms. Davis, counsel for Dr. Davis filed a motion for sanctions. In the motion, Mr. Gaudreau described his good faith attempts to obtain discovery responses from both Mr. Weisman and Ms. Collins. No response to the motion was filed. The motion was treated by the court as a motion to compel, and an order was entered compelling Ms. Davis to produce responses to discovery within 10 days. At no time did Ms. Collins disclose to Ms. Davis that Mr. Gaudreau had filed the motion for sanctions or that an order had been entered compelling discovery responses. When Ms.

5

Collins continued to fail to produce discovery responses in accordance with the court's order, Mr. Gaudreau filed a second motion for sanctions. Ms. Collins did not advise her client that a second motion was pending, or of the consequences for ignoring outstanding discovery requests.

2. Ms. Collins's Failure to Follow up on Discovery Served on Dr. Davis

On March 3, 2017, Mr. Weisman served Dr. Davis's counsel with written discovery requests (interrogatories, request for production of documents, and request for admission). Ms. Collins acknowledged that she signed the notice of service of the discovery requests on behalf of Mr. Weisman. On March 28, 2017, Mr. Gaudreau sent his client's answers to Ms. Davis's request for admission. No other discovery responses were ever provided by Dr. Davis. Ms. Collins failed to communicate with Mr. Gaudreau about the lack of response and did not file any motion to compel or motion for sanctions.

3. Ms. Collins's Representation of, and Communication with, Ms. Davis Prior to the Merits Hearing

In February, Ms. Collins and Mr. Weisman filed a motion to expedite the *pendente lite* hearing as the minor child was in Dr. Davis's "exclusive custody—without the order of any court—and will only permit [Ms. Davis] supervised visitation, citing a substantial likelihood of child abuse by Defendant." The motion also asserted that Dr. Davis had not permitted Ms. Davis to speak to her daughter via phone or video-chat.

The day before the February 13 scheduling conference, Ms. Davis drove from Illinois to Baltimore to meet with Ms. Collins and Mr. Weisman and to prepare for the

scheduling conference to be held the following day. After the meeting, Ms. Davis and Ms. Collins traveled together to Salisbury and discussed the case during the trip.

During the scheduling conference, the parties agreed to dates for a merits hearing. Ms. Collins confirmed that she was available on May 16 and 18 for the hearing. Additionally, Ms. Collins agreed to withdraw the motion to expedite the *pendente lite* hearing. The court also ordered that an attorney be appointed to represent the minor child. On March 2, the court entered an order appointing Angela DiPietro as the attorney for the Davises' minor daughter.

In the first week of March 2017, Ms. Collins explained to Ms. Davis that she could not continue to represent her due to a dispute that Ms. Collins and Mr. Weisman had regarding their joint clients. Ms. Collins further advised Ms. Davis that she should speak with Mr. Weisman regarding the representation. After discussing the matter with Mr. Weisman, he agreed that he would withdraw his representation of Ms. Davis, and that Ms. Collins could continue representing her. Upon learning this, Ms. Collins agreed to continue representing Ms. Davis. Mr. Weisman filed a notice of withdrawal, and in the notice, Mr. Weisman indicated that Ms. Collins would be representing Ms. Davis going forward.

On March 16, the child's attorney, Ms. DiPietro, wrote to Mr. Gaudreau and Mr. Weisman requesting their assistance with obtaining information from Dr. Davis and Ms. Davis, and with scheduling a meeting with each parent. Ms. Collins testified that she did not receive this letter, and Mr. Weisman was not able to confirm whether the letter had been forwarded to Ms. Collins.

Ms. Collins was in regular contact with Ms. Davis in the last weeks of February through March.  Ms. Collins went on vacation from April 1–8, and again from April 17–23.  During this time, she did not communicate with Ms. Davis.  While Ms. Collins was away, Ms. DiPietro sent her a letter following up on her request to schedule a meeting with Ms. Davis.  Ms. DiPietro also requested that Ms. Collins call her to schedule a telephone conference.  Ms. Collins received this letter when she returned from vacation but did not contact Ms. DiPietro and did not immediately let Ms. Davis know about Ms. DiPietro's request.

Ms. Collins had known for three months that the date of the merits hearing was May 16, yet she had done nothing to adequately prepare Ms. Davis or her son, Christopher. With the merits hearing approaching, Ms. Davis and Christopher left Illinois on May 10 to travel to Salisbury.  They arrived in Salisbury on May 12.  After Ms. Davis arrived in Salisbury, she and Ms. Collins spoke by phone regarding the overdue discovery responses and the need to finalize them.  On May 15, Ms. Collins finally served her client's answers to interrogatories and responses to request for production of documents by fax, email, and mail to Mr. Gaudreau.  Ms. Davis neither reviewed nor signed the discovery responses before Ms. Collins sent them to opposing counsel.

The first time Ms. Collins met with Ms. Davis and Christopher about the hearing was on May 16—one hour before the hearing began.  Ms. Davis and her son were completely unprepared to testify at the hearing.

4. <u>Merits Hearing</u>

On May 16, the parties and their counsel appeared at the hearing before Magistrate Connie G. Marvel in the Circuit Court for Wicomico County. At the beginning of the hearing, it was disclosed that no discovery had ever been received by counsel for Dr. Davis in response to the court's order compelling the same and in response to Dr. Davis's second motion for sanctions. It was further disclosed that the minor child's attorney, Ms. DiPietro, had never met with Ms. Davis. Ms. Collins then represented to the magistrate that she had never received the order appointing Ms. DiPietro but "made efforts to figure out who the child's counsel was." Ms. Collins admitted that she had received the second letter from Ms. DiPietro but was somehow unable to locate her even though Ms. DiPietro's letter contained her telephone number, as did the court's appointment order which was available to Ms. Collins through the Maryland Electronic Courts (MDEC) case management system. To mitigate Ms. Collins's failure to provide timely discovery and to set up a previous meeting between Ms. Davis and Ms. DiPietro, the magistrate delayed the start of the hearing to permit Ms. DiPietro to meet with Ms. Davis, and for Mr. Gaudreau to review Ms. Davis's discovery responses.

When the hearing reconvened, the magistrate addressed the discovery issues. Ms. Collins represented that she had no knowledge that there was a discovery issue until "sometime in April." She further testified that she did not get the second motion for sanctions until April 25 because she had been out of the country. She told the magistrate that "by the time I was able to understand what was going on, I was unable to get ahold of

9

Ms. Davis to correct the situation." Ms. Collins also represented to the court that she had been advised by previous counsel that discovery had been filed.

Ms. Collins then raised for the first time the fact that Dr. Davis had not responded to interrogatories or request for production of documents that were propounded in early March 2017. Although raising the discovery violations, Ms. Collins admitted that she did not follow up with Mr. Gaudreau and did not file a motion to compel or a motion for sanctions because she "didn't think she needed it." The magistrate granted Dr. Davis's motion for sanctions, finding that the discovery violations were just "too blatant." The magistrate precluded the introduction of any documents by Ms. Davis.

On May 17—the intervening day between the hearing dates—Ms. DiPietro met again with Ms. Davis for an hour in Ms. DiPietro's office. During the day, Ms. Collins handled another matter for another client. Ms. Collins met with Ms. Davis and Ms. Davis's son briefly in their hotel that night.

The parties returned for the second day of the merits hearing on May 18. After a full day of testimony, the magistrate continued the hearing until July 27, 2017, for the parties to provide closing arguments. Following the hearing, the parties reached an agreement regarding the provisions of a *pendente lite* order, which the court entered on June 7.

On the evening of May 18, Ms. Davis advised Ms. Collins that she no longer wanted Ms. Collins to represent her. On May 19, Ms. Collins texted Ms. Davis and said, "I am so detached from your case I don't care what happens." Ms. Davis replied, "I can tell. And

10

that's ashamed [sic] because you have children." Ms. Collins filed a motion to withdraw appearance of counsel. Her appearance was stricken on July 6, 2017.

The court entered a judgment of divorce in October 2017. Sole legal and physical custody of the Davises' daughter was awarded to Dr. Davis. All visitation by Ms. Davis with her daughter was limited to the Salisbury area.

## II

### Conclusions of Law

As noted above, when no exception is made to a hearing judge's findings of fact, we accept them as established. Md. Rule 19-741(b)(2)(A). We review a hearing judge's conclusions of law *de novo* without deference. Md. Rule 19-741(b)(1). This Court determines whether clear and convincing evidence establishes that an attorney violated a MARPC. *See* Md. Rule 19-727(c) ("The [Commission] has the burden of proving the averments of the petition [for disciplinary action or remedial action] by clear and convincing evidence.").

Based upon the record, the hearing judge concluded by clear and convincing evidence that Ms. Collins violated MARPC 19-301.1 (Competence); 19-301.3 (Diligence); 19-301.4 (Communication); 19-303.4(d) (Fairness to Opposing Party and Attorney); and 19-308.4(a) and (d) (Misconduct). We summarize the hearing judge's conclusions of law, and our *de novo* review of the same.

### MARPC 19-301.1 (Competence)

MARPC 19-301.1 provides:

> An attorney shall provide competent representation to a client.
> Competent representation requires the legal knowledge, skill,

11

thoroughness and preparation reasonably necessary for the representation.

We agree with the hearing judge's conclusion that Ms. Collins violated MARPC 19-301.1 as demonstrated by her "clear lack of thoroughness and preparation." Ms. Collins's lack of preparation is reflected in her failure to respond to the opposing party's discovery requests, and failure to communicate with her client concerning the same. As noted by the hearing judge, Ms. Collins failed to respond to two separate motions for sanctions, even after the court ordered that responses be provided within ten days. This failure led to the exclusion of all documentary evidence at the merits hearing. "If an attorney 'fails to act or acts in an untimely manner, resulting in harm to his or her client,' generally the Court finds a violation of Rule [19-301.1]". *Attorney Grievance Comm'n v. Shuler*, 454 Md. 200, 214 (2017) (citing *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 319 (2012)).

Additionally, Ms. Collins failed to respond to the minor child's attorney's request to meet with her client. The hearing judge concluded that because of Ms. Collins's failure to arrange a meeting, the meeting occurred on the morning of the hearing "under very unfavorable and stressful circumstances."

The hearing judge also concluded that although Ms. Collins had met with her client on a couple of occasions in the previous months, she had only met with her client to prepare for the hearing *one time*, less than an hour before the hearing. Because of Ms. Collins's lack of preparation, the hearing judge concluded that Ms. Collins's client and her witness were "wholly unprepared for the hearing."

12

Finally, the hearing judge determined that because Ms. Collins failed to follow up on the discovery requests to the opposing party, no discovery was received. Compounding these deficiencies, Ms. Collins failed to candidly advise her client about these failures and the serious resulting consequences.

The hearing judge's conclusion that Ms. Collins violated MARPC 19-301.1 is supported by clear and convincing evidence.

### MARPC 19-301.3 (Diligence)

MARPC 19-301.3 provides:

> An attorney shall act with reasonable diligence and promptness in representing a client.

The hearing judge's conclusion that Ms. Collins violated Rule 19-301.3 is also supported by clear and convincing evidence, for the reasons discussed in the conclusions related to the violation of MARPC 19-301.1, 19-301.4, and 19-303.4.

### MARPC 19-301.4 (Communication)

MARPC 19-301.4 provides:

> (a) An attorney shall:
>
> > (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 19-301.0(f)(1.0), is required by these Rules;
> >
> > (2) keep the client reasonably informed about the status of the matter;
> >
> > (3) promptly comply with reasonable requests for information; and

13

(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Attorneys' Rules of Professional Conduct or other law.

(b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The hearing judge concluded that Ms. Collins violated Rule 19-301.4 by failing to keep Ms. Davis reasonably informed about the status of her case, and by failing to promptly comply with reasonable requests for information by her client. The hearing judge determined that between April 1, 2017, and May 8, 2017, Ms. Collins failed to communicate at all with Ms. Davis despite Ms. Davis's attempts to contact her. As noted above, the hearing judge concluded that Ms. Collins failed to explain to Ms. Davis the significance of material issues in the case, including the possibility of court sanctions, the impact of her failure to respond to requests by counsel for the minor child, and the impact of her failure to obtain discovery, which would have enabled Ms. Collins to make informed decisions about her case. Ms. Collins kept her client completely in the dark about her lack of preparation and the potential adverse consequences. The hearing judge's conclusions concerning Ms. Collins's violation of MARPC 19-301.4 are supported by clear and convincing evidence.

**MARPC 19-303.4 (Fairness to Opposing Party and Attorney)**

MARPC 19-303.4 provides in part:

An attorney shall not: . . .

14

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

The hearing judge concluded that Ms. Collins violated MARPC 19-303.4(d) when she failed to make reasonably diligent efforts to respond to the opposing party's discovery requests. The hearing judge determined that Ms. Collins was aware that discovery had been served on her client on January 24 and that her client had drafted answers to interrogatories by January 29. On a number of occasions, opposing counsel contacted Ms. Collins to resolve the discovery disputes. Because of Ms. Collins's lack of communication with opposing counsel and her failure to comply with discovery, opposing counsel was forced to file two motions for sanctions, which Ms. Collins also ignored. Ultimately, Ms. Collins's delay and noncompliance with the discovery rules resulted in the magistrate refusing to permit Ms. Davis from admitting documents at trial. There is clear and convincing evidence to support the hearing judge's conclusion that Ms. Collins violated MARPC 19-303.4(d).

### MARPC 19-308.4 (Misconduct)

MARPC 19-308.4 provides in part:

It is professional misconduct for an attorney to:

(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, [or] . . .

(d) engage in conduct that is prejudicial to the administration of justice;

The hearing judge concluded that Ms. Collins violated MARPC 19-308.4(a) by way of violating other rules of professional conduct as discussed above. The hearing judge also

15

determined that when viewed in its entirety, Ms. Collins's conduct in handling Ms. Davis's representation was prejudicial to the administration of justice in violation of MARPC 19-308.4(d). "Conduct which is likely to impair the public confidence in the profession, impact the image of the legal profession and engender disrespect for the court is conduct prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717 (2014) (citing *Attorney Grievance Comm'n v. Childress*, 360 Md. 373 (2000)).

There is clear and convincing evidence in the record to support a finding of a violation of MARPC 19-308(d). Ms. Collins's representation of Ms. Davis was incompetent and detrimental to the interests of her client. As noted above, Ms. Collins was delinquent in responding to discovery requests, which resulted in sanctions being imposed. Additionally, Ms. Collins's failure to respond to the child's attorney's request for a meeting with Ms. Davis resulted in the child's attorney being unable to meet with the child's mother until the morning of the first day of trial. Finally, Ms. Collins failed to follow up on her discovery requests that were served on Dr. Davis.

We agree with the hearing judge that Ms. Collins's "overall conduct in this matter impairs the public's confidence in the legal profession and was therefore prejudicial to the administration of justice, in violation of [MARPC] 19–308.4(d)."

### III

### Sanction

The purpose of a sanction in an attorney discipline case is not so much to punish the attorney as "to protect the public and the public's confidence in the legal profession."

*Attorney Grievance Comm'n v. Greenleaf*, 438 Md. 151, 163 (2014) (quoting *Attorney Grievance Comm'n v. Worthy*, 436 Md. 633, 643 (2014)).

Bar Counsel has recommended that Ms. Collins be suspended from the practice of law for a term of 60 days. In support of this recommendation, Bar Counsel points to the multiple violations of the MARPC committed by Ms. Collins, specifically, Rules 19-301.1 (Competence); 19-301.3 (Diligence); 19-301.4 (Communication); 19-303.4(d) (Fairness to Opposing Party and Attorney); and 19-308.4(a) and (d) (Misconduct). Ms. Collins has not taken any position concerning the proposed sanction.

## A. *Aggravating Factors[3]*

The hearing judge found clear and convincing evidence of several aggravating factors. First, the hearing judge determined that Ms. Collins had committed multiple violations. Second, the hearing judge found that during her testimony and closing

[3] We have recognized the following aggravating factors:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the [MARPC]; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

*Attorney Grievance Comm'n v. Sperling*, 459 Md. 194, 275 (2018) (citation omitted).

arguments, Ms. Collins gave "incredible testimony and failed to acknowledge the wrongful nature of her conduct." The hearing judge found that Ms. Collins consistently blamed her client and Mr. Weisman, rather than accepting responsibility for her own deficiencies. Finally, the hearing judge determined that Ms. Collins had substantial experience in the practice of law, having been admitted to the bar since 1991, and specifically, that she had experience in the practice of family law.

## B. *Mitigating Factors*[4]

With respect to mitigating factors, the hearing judge noted that no evidence was submitted as to any outcome of any prior attorney discipline proceeding against Ms. Collins.

---

[4] This Court has recognized the following mitigating factors when considering the imposition of sanctions:

> (1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to the Commission or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (b) the chemical dependency or mental disability caused the misconduct; (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse; (13) remoteness

The hearing judge also considered two witnesses that Ms. Collins had presented on her behalf. Milica Ackers was represented by Ms. Collins in 2014 and 2015 in a child custody case. Ms. Ackers testified that she had no problems communicating with Ms. Collins, and that Ms. Collins was properly prepared and kept Ms. Ackers fully informed about the status of her case.

Stephanie Franklin, Esquire, testified that she had known Ms. Collins since 2007 and had observed her in court proceedings. Ms. Franklin found Ms. Collins to be an excellent trial attorney who has a high level of honesty and integrity. Ms. Franklin recently hired Ms. Collins as an attorney.

The hearing judge found that both Ms. Ackers and Ms. Franklin were credible witnesses. Consequently, the hearing judge found by a preponderance of the evidence that "one client and one attorney believe that [Ms. Collins] is a competent, honest attorney." The hearing judge found that otherwise, Ms. Collins had not proven by a preponderance of the evidence any further mitigation. We agree.

## C. *Imposition of Sanctions*

In cases involving incompetence and neglect of client matters, this Court has imposed a range of sanctions from public reprimand to indefinite suspension, depending on factors such as previous discipline, the attorney's experience level, and the presence or

of prior violations of the [MARPC]; and (14) unlikelihood of repetition of the misconduct.

*Sperling*, 459 Md. at 277–78 (citation omitted).

lack of intent. *See Attorney Grievance Comm'n v. Ward*, 394 Md. 1, 33 (2006). This Court has "generally suspended lawyers who for the first time have been found to have violated rules relating to competency." *Attorney Grievance Comm'n v. Mooney*, 359 Md. 56, 98 (2000).

In *Attorney Grievance Commission v. Walker-Turner*, 428 Md. 214, 234–35 (2012), this Court suspended the attorney from the practice of law for 60 days for violations of Maryland Lawyer's Rules of Professional Conduct ("MLRPC") 1.1, 1.2, 1.3, 1.4, 1.8(h), 3.4(c), 4.2, 8.1, and 8.4(a) and (d)[5] arising from representation in a single client matter. In that case, the attorney failed to appear for a District Court trial because he mistakenly believed that his clients' case had settled, and he thereafter failed to timely file a proper revisory motion in response to the entry of judgment against his clients. *Id.* at 227–28. He also failed to inform his clients adequately as to what had occurred, in part due to a "self-inflicted period of oblivion as to the existence of the judgment." *Id.* at 231. In fashioning the appropriate sanction, this Court considered the attorney's prior disciplinary history, which included a 30-day suspension and two reprimands. *Id*. at 232–33.

In *Attorney Grievance Commission v. Hill*, 398 Md. 95, 101–04 (2007), the attorney failed to prepare an Eligible Domestic Relations Order in one client matter, failed to timely prepare and submit a consent order in another matter, and failed to respond to Bar Counsel's request for information, in violation of MLRPC 1.3, 1.4, 8.1(b) and 8.4(d). This

---

[5] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and recodified in Title 19 of the Maryland Rules. The former MLRPC are substantively the same as the MARPC.

Court suspended the attorney from the practice of law for 30 days, citing substantial mitigation, including the attorney's expression of remorse and the hearing judge's finding that his conduct was caused at least in part by his alcoholism and other personal and emotional problems. *Id.* at 104–05.

Although this proceeding involves only one client matter, given the aggravating factors, including Ms. Collins's substantial experience, combined with her unwillingness to accept responsibility for her misconduct and the corresponding blame she heaped upon others, including her client, we believe that this case warrants a sanction similar to the sanction imposed in *Walker-Turner.* Unlike the respondent in *Hill*, here, there are no substantial mitigating factors, or an expression of remorse. Under the facts presented in this case—Ms. Collins's lack of diligence and preparation, including her lack of communication with her client, opposing counsel and counsel for the minor child, her lack of compliance with the discovery rules, her failure to prepare her client and her client's witness for trial, combined with the presence of the aggravating factors noted above—a 60-day suspension is appropriate.

As a seasoned family law practitioner, Ms. Collins knew or should have known that her complete and utter lack of preparation adversely affected not only her client, but her client's family at a time when they needed her help the most. This type of misconduct is unacceptable and casts our noble profession in a most unfavorable light. As attorneys, under our professional rules, representing a client in court requires more than simply showing up.

21

A 60-day suspension under these circumstances is appropriate.  The suspension shall begin 30 days after the date on which this opinion is filed.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d) FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST NATALIE THRYPHENIA COLLINS.**