*Attorney Grievance Commission of Maryland v. Sherwood R. Wescott*, AG No. 2, September Term, 2022.

**ATTORNEY DISCIPLINE — SANCTION — SUSPENSION**

The Court suspended for 60 days an attorney who (1) failed to prepare for hearings and to communicate with or provide meaningful legal services to a client during the course of representation; and (2) charged an unreasonable fee, the unearned portion of which he failed to keep in a separate trust account during the representation and failed to return upon termination of the representation. The attorney's conduct violated Maryland Attorneys' Rules of Professional Conduct 1.1 (Competence), 1.4 (Communication), 1.5 (Fees), 1.15 (Safekeeping Property), 1.16 (Declining or Terminating Representation), and 8.4 (Misconduct).

Circuit Court for Wicomico County
Case No. C-22-CV-22-000085
Argued: December 6, 2022

IN THE SUPREME COURT OF

MARYLAND*

AG No. 2

September Term, 2022

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

SHERWOOD R. WESCOTT

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

Opinion by Fader, C.J.

_____

Filed: February 28, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

The Attorney Grievance Commission of Maryland (the "Commission"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action against Sherwood R. Wescott, a member of the Bar of this State, arising out of his representation of Antrell L. Johnson. Mr. Johnson's mother, Cynthia Johnson, retained Mr. Wescott to represent her son and paid Mr. Wescott's fees.

The Commission alleged that Mr. Wescott violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC") as a result of his: (1) failure to keep Mr. Johnson reasonably informed about the status of his case, prepare Mr. Johnson for his hearings, and perform meaningful legal services in furtherance of Mr. Johnson's defense; (2) improper collection of a nonrefundable flat fee; (3) failure to deposit fees in an attorney trust account; and (4) failure to return unearned fees upon the termination of the representation. The Commission asserted that Mr. Wescott's conduct violated MARPC 1.1 (Competence) (Rule 19-301.1), MARPC 1.4 (Communication) (Rule 19-301.4), MARPC 1.5 (Fees) (Rule 19-301.5), MARPC 1.15 (Safekeeping Property) (Rule 19-301.15), MARPC 1.16 (Declining or Terminating Representation) (Rule 19-301.16), and MARPC 8.4 (Misconduct) (Rule 19-308.4).[1]

---

[1] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct, which employed the numbering format of the American Bar Association Model Rules, were renamed the MARPC and recodified without substantive modification in Title 19, Chapter 300 of the Maryland Rules. For ease of reference and comparison with our prior opinions and those of other courts, we will refer to the MARPC rules using the numbering of the model rules, as permitted by Rule 19-300.1(22) and as identified in the paragraph to which this footnote is appended.

The hearing judge assigned to this matter found by clear and convincing evidence that Mr. Wescott had committed all the violations alleged by the Commission. The hearing judge also determined the existence of six aggravating and two mitigating factors. Neither party filed exceptions. Bar Counsel recommended the sanction of a 60-day suspension from the practice of law. We will adopt the hearing judge's findings of fact, concur with the hearing judge's conclusions of law in all respects but one, and agree with Bar Counsel's sanction recommendation.

## BACKGROUND

When no exceptions are filed, this Court may accept a hearing judge's factual findings as established. Rule 19-740(b)(2)(A). We choose to do so here. Accordingly, we treat as established the following facts, which the hearing judge found to have been proved by clear and convincing evidence.

### *Mr. Wescott's Representation of Antrell L. Johnson*

Mr. Johnson was charged with kidnapping and related crimes in the District Court of Maryland for Wicomico County on March 14, 2020. On April 15, Ms. Johnson retained Mr. Wescott to represent her son. The retainer agreement Mr. Westcott provided to Ms. Johnson called for a flat fee of $15,000 to be paid in installments of $3,500 every 90 days. The agreement further provided that: (1) the entire fee would be considered earned in full when Mr. Wescott entered his "formal appearance" in the case; (2) the flat fee was "immediately payable to [Mr. Wescott] no matter the amount of installment payments and/or fee paid"; (3) the "fees are non-refundable and considered as immediate work

2

performed and not subject to hourly charges"; and (4) the "fees are not subject to attorney client-trust accounts and can be collected by the attorney immediately."

Mr. Wescott did not explain the retainer agreement, including its fees provisions, to either Ms. or Mr. Johnson. Ms. Johnson signed the retainer agreement and ultimately paid Mr. Wescott a total of $7,000 between April and September 2020. Mr. Wescott did not deposit any of those funds in an attorney trust account at any time.

On April 15, 2020, Mr. Wescott entered his appearance on behalf of Mr. Johnson. Without informing Mr. Johnson, Mr. Wescott then arranged for another attorney, Purcell S. Luke, to assist with Mr. Johnson's representation. On April 16, Mr. Luke filed a motion requesting a bond review hearing, which took place remotely on April 20. Neither Mr. Wescott nor Mr. Luke prepared Mr. Johnson in advance of the hearing, which was attended by Messrs. Luke and Johnson but not Mr. Wescott. The court ordered that Mr. Johnson continue to be held without bond.

On June 18, the court held a remote preliminary hearing. Although Mr. Wescott attended that hearing with Mr. Johnson, he failed to prepare Mr. Johnson for it. At the conclusion of the hearing, the court found probable cause and continued Mr. Johnson's detention without bond.

On July 17, the Wicomico County State's Attorney's Office filed a criminal information transferring Mr. Johnson's case to the Circuit Court for Wicomico County. In lieu of attending the initial appearance hearing scheduled for August 7, Mr. Wescott filed a line entering his appearance. On August 10, Mr. Wescott filed preliminary papers,

3

including a standard request for discovery; a motion asserting standard, mandatory defenses; and a request for a jury trial.

Throughout the representation, Mr. Wescott visited Mr. Johnson in the detention center only once, for approximately 15 to 20 minutes. During that meeting, Mr. Wescott briefly discussed the charges with Mr. Johnson but did not discuss other aspects of the case. Apart from that visit, Mr. Wescott spoke to Mr. Johnson only one other time, while on a three-way call with Ms. Johnson. Mr. Wescott failed to answer or return subsequent calls.

On or about October 20, a dissatisfied Mr. Johnson terminated Mr. Wescott's representation. Mr. Wescott promptly filed a motion to strike his appearance, which the court granted following a hearing.

The Office of the Public Defender entered its appearance on behalf of Mr. Johnson on December 14. At a bond review hearing on January 29, 2021, the court ordered Mr. Johnson to be released from detention on pretrial supervision. On July 8, 2021, the State entered a nolle prosequi on all counts.

Mr. Wescott did not return any portion of the fee he had collected to either Ms. or Mr. Johnson.

### *Procedural History*

Ms. Johnson filed a complaint with the Commission on December 14, 2020. After an investigation, the Commission, through Bar Counsel, filed a petition for disciplinary or remedial action on March 16, 2022. The hearing judge assigned by this Court conducted a hearing at which Ms. and Mr. Johnson and Mr. Wescott testified. The hearing judge then

4

issued a written opinion making findings of fact, which are consistent with the recitation above, and conclusions of law, including that Mr. Wescott violated:

- MARPC 1.1 (Competence), when he failed to prepare Mr. Johnson for two hearings and failed to deposit and maintain unearned fees in his attorney trust account.

- MARPC 1.4 (Communication), "when he: (1) failed to properly explain the retainer agreement to Mr. Johnson; (2) failed to inform Mr. Johnson that Mr. Luke would be assisting him with the representation and would be appearing in his place at the bond review hearing; and (3) failed to keep Mr. Johnson reasonably informed about the status of his case."

- MARPC 1.5 (Fees), when he: (1) charged a fee that, though it may have been reasonable at the start of representation, became unreasonable because "[m]ost of the legal services [he] claims to have performed on behalf of Mr. Johnson were either completely unsubstantiated or provided absolutely no value to Mr. Johnson's defense" and (2) "charg[ed] an improper nonrefundable flat fee."

- MARPC 1.15 (Safekeeping Property), when he failed to: (1) deposit fees in his attorney trust account until they were earned; (2) obtain informed consent in writing to deposit the fees elsewhere; and (3) explain the risks of, or alternatives to, not placing fees in his attorney trust account.

- MARPC 1.16 (Declining or Terminating Representation), "when he failed to provide Ms. Johnson and Mr. Johnson with a refund of the unearned portion of the fee."

- MARPC 8.4(a) and (d) (Misconduct), when he "failed to perform any meaningful legal services in furtherance of Mr. Johnson's defense" and violated other rules of professional conduct.

Neither party filed exceptions to any aspect of the hearing judge's findings of facts or conclusions of law.

5

**DISCUSSION**

## I. THE HEARING JUDGE'S CONCLUSIONS OF LAW ARE SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

As noted, when there are no exceptions filed, we may treat the hearing judge's factual findings as established. *See Attorney Grievance Comm'n v. Maiden*, 480 Md. 1, 6 (2022); *see also* Rule 19-740(b)(2)(A). However, we review the hearing judge's conclusions of law without deference, Rule 19-740(b)(1), and independently determine whether Bar Counsel established a violation of the rules by clear and convincing evidence, *see Attorney Grievance Comm'n v. Silbiger*, 478 Md. 607, 617 (2022).

Based upon our independent review of the record, we agree that the Commission established multiple violations of the MARPC by clear and convincing evidence. Mr. Wescott's conduct underlying those violations generally falls into two categories: (1) failures in his representation of Mr. Johnson; and (2) violations relating to the fee he charged and partially collected. We address each category in turn.

### A. Mr. Wescott Violated Multiple Rules of Professional Conduct by Failing to Prepare and to Communicate with, or Provide Meaningful Legal Services to, Mr. Johnson.

The hearing judge concluded that Mr. Wescott violated multiple rules of professional conduct by failing to: (1) prepare Mr. Johnson for hearings; (2) adequately explain the retainer agreement to Ms. or Mr. Johnson, communicate with Mr. Johnson about his case, or inform him that another attorney would be assisting in the case; and (3) generally perform meaningful legal services in furtherance of Mr. Johnson's defense.

6

An attorney must provide a client with competent representation, which "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." MARPC 1.1. Representation is not competent if an attorney fails to "adequately prepare a client and communicate viable options to that client in advance of trial." *Attorney Grievance Comm'n v. Yi*, 470 Md. 464, 491 (2020); *see also Attorney Grievance Comm'n v. Ficker*, 399 Md. 445, 450 (2007).

Mr. Wescott failed to provide competent representation when he did not prepare Mr. Johnson for, or inform him about the nature and purpose of, the hearings on April 20 and June 18, 2020. In doing so, Mr. Wescott violated MARPC 1.1.

MARPC 1.4 separately provides, in relevant part, that:

(a) An attorney shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 19-301.0 (f) (1.0), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter; [and]

(3) promptly comply with reasonable requests for information[.]

\*\*\*

(b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

When a client makes a reasonable request for information, an attorney must promptly respond or, if a prompt response is not feasible, "acknowledge receipt of the request and advise the client when a response may be expected." MARPC 1.4 cmt. 4. "Client telephone calls should be promptly returned or acknowledged." *Id.*; *see also Attorney*

7

*Grievance Comm'n v. Proctor*, 479 Md. 650, 683 (2022) ("MARPC 1.4 can be violated if a client has made several 'reasonable requests for information, which may include a general status update or for documents pertaining to the case[,]' to no avail." (quoting *Attorney Grievance Comm'n v. Planta*, 467 Md. 319, 349 (2020))).

Mr. Wescott failed to adequately communicate with Mr. Johnson throughout the representation. Specifically, Mr. Wescott did not: (1) properly explain the retainer agreement to Ms. or Mr. Johnson; (2) tell Mr. Johnson about Mr. Luke's participation in the case, including his presence at the bond review hearing in place of Mr. Wescott; or (3) keep Mr. Johnson informed about the status of his case. Mr. Wescott met with Mr. Johnson in person only once for 15 to 20 minutes, near the beginning of the representation. Mr. Wescott also spoke to Mr. Johnson on the telephone only once and did not return subsequent calls. Mr. Wescott's conduct violated MARPC 1.4.

In committing those violations of MARPC 1.1 and 1.4, Mr. Wescott also necessarily violated MARPC 8.4(a), which provides that it is misconduct to "violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct[.]" *See Attorney Grievance Comm'n v. Moawad*, 475 Md. 424, 479 (2021) ("This Court has noted that when a respondent has violated multiple Rules of Professional Conduct, he or she has 'necessarily violated M[A]RPC 8.4(a) as well[.]'" (quoting *Attorney Grievance Comm'n v. Gallagher*, 371 Md. 673, 710-11 (2002))).

8

**B.    Mr. Wescott Violated Multiple Rules of Professional Conduct by Charging an Unreasonable Fee, Failing to Keep Unearned Fees in a Separate Account, and Failing to Refund Unearned Fees upon Termination of Representation.**

The second category of violations the hearing judge found relates to the fees Mr. Wescott charged Ms. and Mr. Johnson. Specifically, the hearing judge concluded, and we agree, that Mr. Wescott engaged in professional misconduct by: (1) charging an unreasonable fee (MARPC 1.5); (2) failing to deposit Ms. Johnson's payments into an attorney trust account until the fees were earned or expenses incurred, or to obtain informed, written consent to do otherwise (MARPC 1.1 and 1.15); and (3) failing to refund unearned fees upon termination of the representation (MARPC 1.16).

As relevant here, Rule 1.5(a) provides:

(a) An attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the attorney or attorneys performing the services; and

(8) whether the fee is fixed or contingent.

9

The problems with the fees charged by Mr. Wescott stem largely from the structure of the fee arrangement. As noted, the retainer agreement Ms. Johnson signed called for a flat fee of $15,000, paid in installments, that, without regard to the amount of work he performed, would: (1) be earned in full at the moment he entered his appearance, which he did the day he was retained; (2) be nonrefundable; and (3) not need to be placed in an attorney trust account. Pursuant to that arrangement, Mr. Westcott collected $7,000 before his representation was terminated and did not deposit any of it in his attorney trust account. The hearing judge found that Mr. Westcott performed very little work and, nonetheless, did not refund any of the money.

This Court has held that "[a] fee that is reasonable at the outset of a representation can become unreasonable if the lawyer fails to earn it." *Yi*, 470 Md. at 496; *see Attorney Grievance Comm'n v. Colton-Bell*, 434 Md. 553, 566-67 (2013) (concluding that a nonrefundable fee obtained for unperformed work was unreasonable under MARPC 1.5). Here, the hearing judge concluded that Mr. Wescott's $15,000 flat fee was not unreasonable for the services expected to be performed, but that the scant services he actually performed rendered unreasonable both the agreed fee and the $7,000 he was actually paid. We agree. According to the hearing judge's findings of fact, which we have adopted, Mr. Wescott filed an initial appearance and standard pretrial motions, met briefly with Mr. Johnson once and spoke briefly with him a second time, attended one court hearing, had another lawyer attend another hearing on his behalf, and could not substantiate doing any other work on the case. Under the circumstances, we agree with the hearing

judge that the $7,000 fee Mr. Wescott collected from Ms. Johnson was unreasonable and violated MARPC 1.5(a).

A lawyer's general obligation to safeguard client property and to deposit unearned client funds in an attorney trust account is set forth in MARPC 1.15. As relevant here, MARPC 1.15(a) and (c) require an attorney to "hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property" and deposit unearned funds into an attorney trust account "[u]nless the client gives informed consent, confirmed in writing, to a different arrangement[.]" "We have stated that, 'an attorney *must* communicate the risks associated with a fee arrangement that varies from the standard escrow arrangement,' and Rule 1.15 is violated when 'neither the retainer agreement, nor the Respondent personally, explained the material risks associated with entering into an "earned upon receipt" fee agreement[.]'" *Attorney Grievance Comm'n v. Gracey*, 448 Md. 1, 23 (2016) (internal brackets omitted) (quoting *Attorney Grievance Comm'n v. Chapman*, 430 Md. 238, 277 (2013)).

Here, although Mr. Wescott's retainer agreement stated that the fees he charged would not be "subject to attorney client-trust accounts and can be collected by the attorney immediately," the hearing judge found that Mr. Wescott did not explain that provision or the risks associated with it to Ms. or Mr. Johnson. As a result, Ms. Johnson could not provide informed consent and Mr. Wescott's failure to deposit the funds he received from her into his trust account violated MARPC 1.15(a) and (c). We have also previously held that the failure to maintain unearned funds in a separate trust account, at least when it can be attributed to a lack of competence rather than intentional misconduct, is a violation of

11

MARPC 1.1. *See Silbiger*, 478 Md. at 625 ("The failure to maintain funds received on behalf of a client in a trust account demonstrates incompetence." (quoting *Attorney Grievance Comm'n v. Blatt*, 463 Md. 679, 699 (2019))); *see also Attorney Grievance Comm'n v. Brooks*, 476 Md. 97, 132 (2021).

Rule 1.16(d) provides that, upon termination of representation, an attorney has a duty to "refund[] any advance payment of fee or expense that has not been earned or incurred." Considering our conclusion that Mr. Wescott did not earn the $7,000 fee that he collected from Ms. Johnson and did not return any portion of that fee to her after his representation was terminated, Mr. Wescott violated Rule 1.16(d).

Finally, we turn to the hearing judge's conclusion that Mr. Wescott's conduct violated MARPC 8.4(d), which states that "[i]t is professional misconduct for an attorney to . . . engage in conduct that is prejudicial to the administration of justice[.]" MARPC 8.4(d) is violated when an attorney's behavior "bring[s] the legal profession into disrepute[.]" *Proctor*, 479 Md. at 690 (quoting *Attorney Grievance Comm'n v. Plank*, 453 Md. 446, 465 (2017)). The hearing judge identified two bases of support for the conclusion that Mr. Wescott violated MARPC 8.4(d). We concur with one but not the other.

First, the hearing judge identified the cumulative effect of Mr. Wescott's violations of MARPC 1.1, 1.4, 1.5, 1.15, 1.16, and 8.4(a) as constituting a violation of MARPC 8.4(d). This Court has previously found a violation of MARPC 8.4(d) when an attorney has engaged in multiple violations including, among other misconduct, providing incompetent representation, failing to adequately communicate with clients, and mismanaging client funds or property. *See, e.g.*, *Brooks*, 476 Md. at 138-39 (holding that

12

an attorney who made numerous errors administering an estate, did not communicate with the client, and failed to deposit unearned fees into an attorney trust account violated Rule 8.4(d)); *Attorney Grievance Comm'n v. Mitchell*, 445 Md. 241, 262-63 (2015) (holding that the failure to perform competently and diligently, expedite litigation, and adequately communicate with the client violated Rule 8.4(d)); *Attorney Grievance Comm'n v. Shephard*, 444 Md. 299, 336 (2015) (concluding that an attorney's failure to deposit and manage unearned client fees in an attorney trust account "adversely affected the public's perception of the legal profession"). We agree with the hearing judge's conclusion that, under the circumstances presented, the cumulative effect of Mr. Wescott's other violations brought the legal profession into disrepute and, therefore, constitutes a violation of MARPC 8.4(d).

Second, pointing to Mr. Johnson's release on pretrial supervision after he terminated Mr. Wescott's representation and the eventual nol pros of the charges, the hearing judge implied that Mr. Wescott's violations caused Mr. Johnson to remain incarcerated longer than he should have. We find no support in the record for that conclusion. No evidence was introduced at the hearing to suggest that Mr. Wescott's failings led any judicial officer to deny pretrial release in a circumstance in which that officer would otherwise have approved it. In the absence of evidentiary support, we will not speculate about the reasons why Mr. Johnson's new counsel was successful in obtaining his pretrial release.

## II. THE APPROPRIATE SANCTION IS A 60-DAY SUSPENSION.

"The purpose of a sanction in an attorney discipline case is not so much to punish the attorney as 'to protect the public and the public's confidence in the legal profession.'"

13

*Attorney Grievance Comm'n v. Collins*, 469 Md. 134, 149 (2020) (quoting *Attorney Grievance Comm'n v. Greenleaf*, 438 Md. 151, 163 (2014)). "We will assess the individual circumstances, inclusive of any mitigating or aggravating factors, of each case in order to determine a sanction commensurate to the violations committed." *Proctor*, 479 Md. at 690.

### A. Aggravating and Mitigating Factors

Aggravating factors are factors that "militate in favor of a more severe sanction." *Attorney Grievance Comm'n v. Bonner*, 477 Md. 576, 608 (2022) (quoting *Attorney Grievance Comm'n v. Miller*, 467 Md. 176, 233 (2020)); *see also Attorney Grievance Comm'n v. O'Neill*, 477 Md. 632, 656-57 (2022) (providing a list of recognized aggravating factors). Here, the hearing judge found clear and convincing evidence of six aggravating factors. Combining two factors, the hearing judge found that Mr. Wescott (1) "demonstrated a pattern of misconduct and [(2) committed] multiple offenses" when he "violated multiple Rules over the span of several months." Third, the hearing judge found that Mr. Wescott, having been admitted to the Maryland Bar in 2001, had "substantial experience in the practice of law." Fourth, because Mr. Wescott maintained throughout the disciplinary proceedings that he earned his entire fee and was not required to deposit Ms. Johnson's funds in a trust account, the hearing judge determined that Mr. Wescott "has refused to acknowledge the wrongful nature of his conduct." For the same reason, and because Mr. Wescott did not return any portion of the fee he collected, the hearing judge also concluded that Mr. Wescott displayed "indifference to making restitution." Finally, the hearing judge found that Mr. Johnson was a "vulnerable victim"

14

because he has a learning disability that limits his comprehension and communication skills. *Cf. Attorney Grievance Comm'n v. McLaughlin*, 456 Md. 172, 205 (2017) (finding that an elderly woman diagnosed with dementia was a vulnerable victim); *Attorney Grievance Comm'n v. Whitehead*, 405 Md. 240, 263 (2008) (finding that a disabled adult under a conservatorship was a vulnerable victim). Mr. Wescott filed no exceptions to the hearing judge's findings concerning aggravating factors. We conclude that the record supports the hearing judge's findings on all six aggravating factors, for the reasons articulated by the hearing judge, by clear and convincing evidence.

"[T]he existence of mitigating factors tends to lessen or reduce the sanction an attorney may face." *Moawad*, 475 Md. at 486 (quoting *Attorney Grievance Comm'n v. Smith-Scott*, 469 Md. 281, 365 (2020)); *see also Attorney Grievance Comm'n v. White*, 480 Md. 319, 385-86 (2022) (providing a list of recognized mitigating factors). The hearing judge found two mitigating factors: (1) this is the first disciplinary complaint against Mr. Wescott; and (2) Mr. Wescott has not attempted to collect the remaining $8,000 he alleges was due under the representation agreement. We find that the record supports the hearing judge's findings on both mitigating factors by a preponderance of the evidence.

### B.    The Sanction

The Commission recommends that Mr. Wescott be suspended from the practice of law for 60 days. In support of that recommendation, the Commission observes that this Court has imposed a range of sanctions from a reprimand to an indefinite suspension for violations involving incompetence and neglect of client matters, but has "generally suspended lawyers who for the first time have been found to have violated rules relating to

15

competency[.]" *Attorney Grievance Comm'n v. Mooney*, 359 Md. 56, 98 (2000). Specifically, the Commission looks to three cases involving similar violations to those found here, in which the Court administered: (1) a 30-day suspension (*Attorney Grievance Comm'n v. Tauber*, 421 Md. 415 (2011)); (2) a 60-day suspension (*Collins*, 469 Md. 134); and (3) a 90-day suspension (*Attorney Grievance Comm'n v. Ugwuonye*, 405 Md. 351 (2008)).

In *Tauber*, we concluded that a 30-day suspension was the appropriate sanction for an attorney who did not deposit unearned funds into an attorney trust account due to his ignorance of the MARPC. 421 Md. at 429-30. In *Collins*, we concluded that a 60-day suspension was appropriate when an attorney failed to communicate with her client, act with diligence, comply with discovery rules, or prepare her client for trial. 469 Md. at 153. Although there was only one client matter at issue and the attorney had not been disciplined before, we found that the aggravating factors of her substantial experience and her unwillingness to take responsibility for her misconduct merited a 60-day suspension. *Id.* at 150, 153. In *Ugwuonye*, we concluded that a 90-day suspension was the appropriate sanction for an attorney who failed to act competently in two client matters. 405 Md. at 373, 375. First, in an employment discrimination suit, the attorney failed to communicate with a client or respond to requests from the court while remaining the attorney of record, resulting in the dismissal of the case. *Id.* at 355, 365-66. Second, the attorney took a meritless case, charged an unreasonable fee, deposited unearned funds into his operating account instead of a trust account, and failed to return the unearned portion of the fee upon termination of the representation. *Id.* at 367.

16

Mr. Wescott filed no written position with respect to sanction.  At oral argument, he argued that a suspension was unwarranted but did not cite any analogous cases or other authorities in support of his position.

We agree with the Commission that the severity of the MARPC violations and the mitigating and aggravating factors found render this case most similar to *Collins*.  Unlike *Tauber*, which dealt only with the mishandling of client funds and no issues of incompetent representation, Mr. Wescott also violated MARPC 1.1 and 1.4 when he failed to perform meaningful legal services and to adequately communicate with his client.  And unlike *Ugwuonye*, Mr. Wescott's misconduct occurred in only one case, his conduct was not demonstrated to have prejudiced his client's case, and he timely withdrew from representation upon the client's request.  Accordingly, we agree with the Commission that the appropriate sanction is a definite suspension for 60 days.  The suspension shall begin 30 days after the date on which this opinion is filed.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SHERWOOD R. WESCOTT.**

17