Argued on: September 7, 2023

_____

IN THE MATTER OF THE PETITION
FOR REINSTATEMENT OF SHERWOOD
R. WESCOTT TO THE BAR OF
MARYLAND

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

ORDER

_____

Filed: September 8, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

**IN THE MATTER OF THE PETITION**　　**\***　　**IN THE**
**FOR REINSTATEMENT OF**
**SHERWOOD R. WESCOTT**　　　　**\***　　**SUPREME COURT**
**TO THE BAR OF MARYLAND**

　　　　　　　　　　　　　　　　　　**\***　　**OF MARYLAND**

　　　　　　　　　　　　　　　　　　**\***　　**AG No. 2**

　　　　　　　　　　　　　　　　　　**\***　　**September Term, 2023**

### ORDER

Upon consideration of the Petition for Reinstatement of Petitioner, Sherwood R. Wescott, Bar Counsel's Objection to Reinstatement, and Petitioner's "Reply to Respondent," filed in the above-captioned case,

WHEREAS, on February 28, 2023, this Court suspended Petitioner from the practice of law in Maryland for 60 days, to begin 30 days after the date on which the opinion was filed, see Attorney Grievance Comm'n v. Wescott, 483 Md. 111, 290 A.3d 1014 (2023),

WHEREAS, on June 27, 2023, Petitioner filed a Petition for Reinstatement, in which he stated that he had served the period of suspension, he had "not engaged in the practice of law during that time period of suspension[,]" he had complied with the terms of the suspension, there are no other disciplinary actions or complaints pending against him, and he had complied with all of the requirements of Maryland Rule 19-741,

WHEREAS, on July 5, 2023, Acting Bar Counsel filed an Objection to Reinstatement raising two objections: (1) Petitioner has not complied with Maryland Rule 19-741 in that he has not submitted to Bar Counsel any of the information or documentation required by Maryland Rule 19-741(c)(1)(B) and 19-741(c)(3)(C); and (2) Petitioner has

failed to pay costs in the amount of $1,588.40 assessed in favor of the Attorney Grievance Commission against Petitioner as a result of this Court's February 28, 2023 opinion,

WHEREAS, on July 10, 2023, Petitioner filed a reply, in which he stated that he has "not engaged in the practice of law before, during, and after the terms of the suspension of practicing law[,]" that he "has complied with any and all of the Rules for reinstatement[,]" and that it would be unreasonable and unfair to require him to pay costs prior to reinstatement,

WHEREAS, in light of Bar Counsel's objection to Petitioner's reinstatement, pursuant to Maryland Rule 19-751(e)(2), this Court scheduled a hearing for Thursday, September 7, 2023, and ordered Petitioner to report for the hearing at 9:30 a.m. that day,

WHEREAS, Petitioner failed to appear for the hearing on September 7, 2023, and Bar Counsel appeared and submitted on its Objection to Reinstatement,

WHEREAS, in neither the petition nor reply did Petitioner demonstrate that he has complied with Maryland Rule 19-741(c)(1)(B) and 19-741(c)(3)(C) by providing the information required under those sections to Bar Counsel; rather, in his filings, Petitioner states that he advised Bar Counsel that he did not engage in the practice of law during the suspension and contends that he has complied with the Maryland Rules pertaining to reinstatement,

NOW, therefore, it is this 8th day of September, 2023,

ORDERED, by the Supreme Court of Maryland, that Bar Counsel's objection #1 is SUSTAINED, as Petitioner has not demonstrated that he has submitted to Bar Counsel the

information or documentation required by Maryland Rule 19-741(c)(1)(B) and 19-741(c)(3)(C); and it is further

ORDERED, that Bar Counsel's objection #2 is OVERRULED, as the payment of costs was not imposed by this Court as a condition of reinstatement in the February 28, 2023 opinion, and Maryland Rule 19-751 does not require payment of costs before reinstatement where an attorney has been suspended for a fixed period of time not exceeding six months; and it is further

ORDERED, for the reasons stated above, that the Petition for Reinstatement is DENIED.


/s/ Matthew J. Fader
Chief Justice